JS - 6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7429 CAS (CRZx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | NATALIE PATIRIAN v. JULIA GELB, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers:) **PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO REMAND ACTION** (filed 10/7/2011)

## I.  INTRODUCTION & BACKGROUND

On August 11, 2011, plaintiff Natalie Patirian filed an unlawful detainer action against defendants Julia Gelb and Bracha Illulian in the Los Angeles Superior Court regarding a residential property located at 9926 Durant Dr., Beverly Hills, CA 90212.  On September 9, 2011, defendants removed the action to this Court pursuant to 28 U.S.C. § 1443 because, inter alia, "the State of California has denied to Julia Gelb her equal rights under 42 U.S.C. § 1981."  Notice of Removal at 2.  On October 7, 2011, plaintiffs filed an ex parte application to remand the case to Los Angeles Superior Court.  Defendants opposed plaintiff's ex parte motion on October 11, 2011.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize

JS - 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7429 CAS (CRZx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | NATALIE PATIRIAN v. JULIA GELB, ET AL. | | |

Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

**III.   DISCUSSION**

The Court finds that remand is appropriate in this case. Plaintiff's sole claim in her complaint was for unlawful detainer. See Opp'n, Exh. B. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Defendants have offered no basis for removal other than allegedly unconstitutional treatment by the Superior Court judge presiding over her case.[1] This alleged treatment, however, does not alter defendants' burden in overcoming the "strong presumption" against removal. See Gaus, 980 F.2d at 566; Harris v. Bankers Life and Cas. Co., 425

---

[1] For example, defendant Gelb contends that the Superior Court "has denied her and denigrated and depricated her solely on the grounds that Petitioner and Movant wishes to educate her children in the highest and purest standards of the Orthodox Jewish Religion." Notice of removal at 2. These allegations plainly do not bear on whether an unlawful detainer action is removable to federal court.

JS - 6

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7429 CAS (CRZx) | Date | October 20, 2011 |
|---|---|---|---|
| Title | NATALIE PATIRIAN v. JULIA GELB, ET AL. | | |

F.3d 689, 698 (9th Cir. 2005) (holding that the removal statute should be "strictly construed" in favor of remand and against removal).  Nor can defendants' affirmative defenses create a basis for subject matter jurisdiction.  McAtee, 479 F.3d at 1145.  Defendants in this case have failed to carry their burden.

 Accordingly, this action is hereby REMANDED to the Los Angeles Superior Court.

 IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | RS | | |